BLANK ROME, LLP
Attorneys for Defendant
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLAME S.A.,<br><br>                        Plaintiff,<br><br>    -against-<br><br>PRIMERA MARITIME (HELLAS) LIMITED,<br><br>                        Defendant. | 09 Civ. 8138 (HB) |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO ORDER TO SHOW CAUSE WHY JUDGMENT SHOULD NOT BE ENTERED IMMEDIATELY

This memorandum is submitted on behalf of Defendant, PRIMERA MARITIME (HELLAS) LIMITED, in opposition to an application by Plaintiff, FLAME S.A., brought on by Order to Show Cause dated September 23, 2009, for the "immediate" entry of a judgment on a foreign judgment. Plaintiff bases its claim on the provisions of the Uniform Foreign Country Money-Judgments Recognition Act as codified in Article 53 of New York's Civil Practice Law and Rules (hereafter "the Act").

The London judgment by default was dated June 18, 2009, and an order denying Defendant's motion to vacate the judgment was entered on August 12, 2009. (Lloyd Decl. ¶¶ 9,

11, submitted herein by Plaintiff.) On September 2, 2009, Defendant filed for leave to appeal from that judgment, which is currently pending. (*Id.* at ¶ 13.)

Plaintiff filed the instant action on September 23 and obtained the Order to Show Cause the same day, without notice to Defendant's counsel, who represented Defendant in Plaintiff's previous Rule B maritime attachment action on the same claim on which the foreign judgment is based. The Rule B action is discussed in the affirmation of Plaintiff's counsel, William Bennett. Plaintiff also ignored Defendant's counsel's e-mail and voice-mail requests for a copy of the Complaint on September 25, when the filing was reported in an on-line service to which Defendant's counsel subscribes. (The Complaint was not available on Pacer, and Defendant's counsel did not know about the Order to Show Cause.)

Plaintiff served the Order to Show Cause and supporting documents on Defendant's registered agent on September 28, and it was received by Defendant's counsel from Defendant that night, leaving counsel 2½ days to respond by the deadline of noon on October 1st. Plaintiff never extended the courtesy of responding to Defendant's counsel's requests for the Complaint, or provided the Order to Show Cause.

The Order to Show Cause was signed by Judge Pauley as the Part I Judge because the case was unassigned, as it was possibly related to a case of Judge Berman's. The Order to Show Cause scheduled an October 2nd hearing before Judge Duffy. However, on September 30th, the case was assigned to Judge Baer.

Defendant opposes Plaintiff's present application on the grounds that Plaintiff did not even try to show the Court any reason for proceeding *ex parte* or proceeding by Order to Show Cause, as required by the Local Rules, and Defendant's statutory right to a 20 day period to respond to Plaintiff's so-called "Petition" was wrongfully abridged. Additionally, Defendant has

a meritorious defense as to subject matter jurisdiction, which will be fully briefed at the proper time. Defendant's counsel is also investigating whether there is a valid defense on the merits, under the provisions of the Act. Defendant will ask the Court in the alternative to stay this action pending the outcome of the appeal in England, as provided in the Act, if the Court does not agree with the jurisdictional objection or any substantive defenses that Defendant may interpose.

## ARGUMENT

### POINT I

### DEFENDANT'S TIME TO RESPOND WAS INCORRECTLY ABRIDGED

Rule 6.1(d) of the Local Civil Rules for the Southern and Eastern Districts provides:

> No ex parte order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made.

Neither the affirmation of Plaintiff's attorney, William Bennett, nor any other papers that accompanied the application for an Order to Show Cause, offered or even purported to offer any reason why an *ex parte* Order should issue or why the matter should proceed by Order to Show Cause on an abridged schedule. Additionally, the papers do not state whether a previous application for similar relief has been made. Therefore, there was no basis for the issuance of the Order to Show Cause.

Moreover, issue has never been joined in this action, and Defendant is entitled to 20 days from proper service of the summons and complaint within which to respond. The Act provides at § 5303: "Such a foreign judgment is enforceable by <u>an action</u> on the judgment, a motion for

summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense."[1]

CPLR. § 103(b) provides: "All civil judicial proceedings shall be prosecuted in the form of <u>an action</u>, except where prosecution in the form of a special proceeding is authorized. . . ." A Defendant is entitled to 20 days to respond to a summons in an action. CPLR Rule 320(a); F. R. Civ. P. Rule 12. Notably, Plaintiff's Summons, which was included in the papers in support of the Order to Show Cause, apprises the Defendant it has 20 days within which to respond.

On the other hand, the notice period in a special proceeding under New York law, is only 8 days. CPLR § 403. The New York legislature purposefully designated a proceeding to enforce a foreign judgment as an action, not a special proceeding. Plaintiff erroneously labeled its pleading herein as a "Petition," which is the form of pleading used in a special proceeding. CPLR § 402.

CPLR § 5303 also permits a foreign judgment to be enforced by a motion for summary judgment in lieu of complaint. As in an action, the time to respond to such a motion is also 20 days. CPLR § 3213, which governs motions for summary judgment in lieu of complaint, provides "The minimum time such motion shall be noticed to be heard shall be as provided by subdivision (a) of rule 320 for making an appearance. . . .," *i.e.* 20 days. New York's Courts recognize that a motion for summary judgment in lieu of a complaint is an action, not a special proceeding, and may <u>not</u> be brought on by an order to show cause with an abbreviated notice period. *In the Matter of Helen E. Bullard*, 153 Misc. 2d 136, 138, 580 N.Y.S. 2d 131, 133 (Saratoga, 1992); *National Bank of Canada v. Skydell*, 181 A.D. 2d 645, 581 N.Y.S. 2d 1005 (1st Dept. 1992); *Goldstein v. Saltzman*, 13 Misc. 3d 1023, 821 N.Y.S. 2d 746 (Nassau 2006).

---

[1] Underscoring throughout this Memorandum is added by us.

Thus, the legislature and Courts of New York made clear that a defendant in a proceeding under the Act is unconditionally entitled to 20 days to respond. If the legislature had wanted to abridge a defendant's time to respond, the Act would have provided that a foreign judgment may be enforced by a special proceeding, not by an action.

Additionally, under New York law, a failure to give adequate notice of a motion for summary judgment in lieu of a complaint deprives the Court of jurisdiction and requires dismissal of the action. *Goldstein v. Saltzman*; *Matter of Helen E. Bullard*.

The Federal Rules of Civil Procedure do not provide for a motion for summary judgment in lieu of a complaint. Therefore, Defendant is entitled to 20 days within which to respond to the summons and complaint, if and when it is properly served. After that period, either party may file whatever motion it deems appropriate, upon giving the notice required by the F. R. Civ. P.

### POINT II

### DEFENDANT HAS A MERITORIOUS DEFENSE REGARDING SUBJECT MATTER JURISDICTION AND HAS THE RIGHT O INVESTIGATE WHETHER IT HAS VALID SUBSTANTIVE DEFENSES UNDER THE ACT, WHICH WILL BE FULLY EXPLICATED AT THE PROPER TIME

Defendant has a meritorious defense regarding the lack of maritime subject matter jurisdiction under 28 U.S.C. § 1333. Additionally, Defendant's counsel is investigating whether there is a valid defense of insufficiency of notice regarding the entry of a default judgment in the English law suit, as specifically provided under CPLR § 5304(b)2, and/or other defenses under the Act. Further, if the Court disagrees with those defenses, Defendant will request in the alternative that the Court stay this action or the enforcement of any judgment, pending the appeal of the English judgment, pursuant to CPLR § 5306.

If Defendant were to submit those arguments for consideration today, on two days' notice, in a rushed fashion, it would risk failing to bring all its guns to bear to persuade the Court,

and at the same time risk being held to have waived the inadequate notice. *Goldstein v. Saltzman*, 13 Misc. 3d at 11026-1027, 821 N.Y.S. 2d at 748.

Preliminarily, and for the purpose of illustrating that the proposed jurisdictional defense has merit, it should be pointed out that the Forward Freight Agreement ("FFA") at issue has nothing whatsoever to do with any actual vessel, voyage, cargo, or charter party or other agreement for ocean transportation. An FFA is a derivative product. As appears on the face of the agreement itself, the FFA simply provides that one party will pay the other the difference between a freight rate stipulated in the FFA and a freight rate to be established on a future date by an organization known as the Baltic Exchange. If the Baltic Exchange's declared rate is higher than the contract rate, the "Seller" in the FFA (Plaintiff) would have to pay the Buyer (Defendant) the difference between the rates multiplied by the number of units covered by the contract. If the Baltic Exchange's declared rate is lower than the rate in the FFA, the Buyer would have to pay the Seller the difference. (Ex. 1 to Plaintiff's "Petition," ¶¶ 2, 5, 6, 7.) The Petition herein baldly alleges the FFA is a maritime contract, but makes no allegations showing how that is so.

Defendant recognizes there are some decisions in this Court expressly holding that FFAs are maritime because participating in a transaction by which the parties can hedge the freight rates in charter parties unrelated to the FFA is somehow a maritime service. Only one of those decisions offers a reasoned opinion. The other two decisions merely cite the earlier one. There are also cases on the Court's docket in which attachment orders were signed in FFA cases, but in none of those decisions was there a motion to vacate or a written opinion. Defendant's motion will explain why those decisions and orders are not correct.

## CONCLUSION

### PLAINTIFF'S APPLICATION SHOULD BE DENIED

Dated: New York, New York
October 1, 2009

                              Respectfully submitted,

                              BLANK ROME LLP
                              Attorneys for Defendant

By _____
                              Jack A. Greenbaum (JG 0039)
                              405 Lexington Ave.
                              New York, NY 10174
                              Tel.: (212) 885-5000
                              jgreenbaum@blankrome.com